## T. C. Weber v. Rachel M. Shelby.

1. MORTGAGE—*when decree cancelling. proper.* Where a mortgagor obtains his title by fraud and the deed to him is set aside by a court of equity, a decree in a subsequent suit cancelling a mortgage given by such fraudulent grantee will be sustained where possession had never been surrendered by the true owner.

2. POSSESSION—*effect of, as notice.* Possession of real estate is notice to the world of a claim and interest, equitable as well as legal.

Proceeding to remove cloud. Appeal from the Circuit Court of Edwards County; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the February term, 1904. Affirmed. Opinion filed September 9, 1904.

H. G. MORRIS, for appellant.

J. M. CAMPBELL and B. A. CAMPBELL, for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill in chancery, in the Circuit Court of Edwards County, by appellee against appellant, to cancel a certain mortgage held by appellant, as a cloud upon the title of appellee to the premises described therein. The bill was answered and the cause heard in due course and form, resulting in a decree granting the prayer of the bill.

The evidence shows that appellee, a very old lady, was and had been the owner in fee simple and in continuous, actual, visible, and notorious possession of the little prem-

ises in question, for a period of forty-six years; that one Philip Weber, a brother of appellant, executed to appellant a mortgage upon said premises for the sum of $200; that appellant made no inquiry of appellee as to her claim, interest or title. In addition to the above, the evidence also shows that a few weeks before Philip Weber executed the mortgage in question, he had fraudulently obtained a deed for the premises from appellee and caused the same to be recorded, but did not obtain possession of the premises; that upon the discovery of the fact that she had signed a deed to Philip, she filed a bill to set it aside, having no knowledge then that Philip had executed the mortgage; that the bill against Philip was prosecuted to a conclusion, resulting in a decree cancelling the deed, and that in the meantime the mortgage having been placed upon record and appellee learning of the fact that such mortgage had been made and recorded, filed her bill against appellant to cancel it.

As we understand from the brief of appellant's counsel, his contention is that inasmuch as appellee had signed a deed for the premises to Philip, and Philip had mortgaged the premises to appellant while apparently having an absolute title, that equity and good conscience require that appellant's mortgage shall be held valid, notwithstanding the fact that the deed to Philip was procured by fraud and in equity passed no title, and that appellee had at no time surrendered possession to Philip and was at and prior to the time of making the mortgage in actual, visible and notorious possession, and the further fact that appellant made no inquiry of appellee as to her claim or title. No authority is cited in support of this contention and to our minds it is unsound.

Appellee's possession was notice to the world of her claim and interest, equitable as well as legal. Under the facts of this case appellant, as grantee of Philip, could acquire no greater rights against appellee than Philip himself had. Springfield Homestead Assn. v. Roll, 137 Ill. 205; Coari v. Olsen, 91 Ill. 273; White v. White, 89 Ill. 460; Strong v.

Shea, 83 Ill. 575; Smith v. Jackson, 76 Ill. 254; Flint v. Lewis, 61 Ill. 299; I. C. R. R. Co. v. McCullough, 59 Ill. 166; Rea v. Croessman, 95 Ill. App. 70.

We find no error in this record. The decree of the Circuit Court is affirmed.

*Affirmed.*

## Joseph W. King v. Samuel F. Hart.

1. INJUNCTION—*when, lies to restrain action at law.* Where suit is brought against one as endorsee of certain notes, an injunction lies to sustain its prosecution where such contract of endorsement was the result of a mistake of fact.

Injunction proceeding. Appeal from the Circuit Court of Pope County; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the August term, 1903. Affirmed. Opinion filed September 9, 1904.

D. G. THOMPSON and CHARLES DURFEE, for appellant.

CHOISSER, CHOISSER & KANE, for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill in chancery in the Circuit Court of Pope County by appellee against appellant to restrain the further prosecution of a suit at law against appellee for the collection of certain promissory notes. The case was finally heard on bill, answer, replication and evidence, and the court rendered a decree sustaining the bill, and perpetually enjoining appellant from further prosecuting said suit against appellee.

Appellee's counsel insist, first, that the decree should be affirmed without reference to the merits of the case because of certain defects and irregularities apparent upon the face of the record and abstract. We do not feel called upon to discuss this feature of the case, for the reason that appellant's counsel by leave of court obtained during the term

at which the case was taken, filed an additional record, an amended certificate and a corrected abstract. We think the case is now before us in proper state, both in substance and in form, and demands our consideration on its merits.

The substance of the bill is as follows: That on October 1, 1889, Henry Hart and Charity Hart, his wife, made and delivered their ten promissory notes of $50 each to appellee, said notes being drawn to mature, the first in eighteen months, and the others, one each succeeding year; and that said notes were secured by a mortgage on eighty acres of land in Pope County, Illinois; that appellee indorsed all of said notes to the Pope County Bank as collateral security for his personal note given said bank for borrowed money; that in 1893 he paid his note to said bank, and that all said notes so endorsed were returned to him, and that in 1896 he traded said notes to one Nesselrodt, together with many other notes of divers parties, and that he traded all of said notes with the distinct understanding that he was not to endorse, assign or guarantee, or in any way be held liable on any of said notes; that it was not his intention or agreement to endorse or guarantee the collection of said notes, or be responsible for their payment, but that said Nesselrodt was to rely solely on the makers of said notes and the land mortgaged for their collection; that at the time he delivered the notes to the said Nesselrodt, he had forgotten and did not at that time know that his endorsement was upon these notes, and that the only endorsement he ever made on said notes was made at the time he delivered them to the bank as collateral security, and that he had no intention of endorsing them to Nesselrodt, and that the delivery of them so endorsed was a mistake and an accident, and that there was no contract or consideration for such endorsement. Avers that said notes remained in the possession of said Nesselrodt and were owned by him from the time he received them until in the month of April, 1899, when he traded them to appellant, and that at the time he traded them to appellant all said notes were past due except the one falling due last; that at

the time said Nesselrodt traded said notes to appellant, he explained to appellant that appellee was to be held in no way liable or responsible as assignor or guarantor or otherwise for the payment of either of said notes, and that appellant accepted said notes with that definite and distinct understanding, and that Nesselrodt was not to attempt to bind appellee on said endorsement, but was to rely solely on said Henry Hart and wife, makers of said notes, and on the mortgage; that the agreement by which Nesselrodt was not to hold appellee on his contract of endorsement and by which appellant was not to hold appellee on said endorsement, were oral agreements; that appellant filed suit on the 12th day of December, 1900, in the Circuit Court of Pope County, on said notes against Henry Hart and Charity Hart, makers, and appellee as endorser, in which suit appellant is endeavoring to obtain judgment against appellee as endorser and that said suit is undetermined and the defense of appellee as herein stated, cannot be interposed in said suit at law, and that unless appellant be restrained by order of this court from further prosecuting his said suit against appellee, the rights of appellee cannot be protected according to the true intent and meaning of said contracts.

In his answer appellant denies all the averments and charges in the bill that militate against his right to prosecute the suit at law against appellee, and he also denies all the averments and charges which tend to relieve appellee from liability to appellant as endorser of said notes.

All the errors assigned pertain solely to the competency and weight of the evidence, and to the findings and decree of the court, as based on the evidence. We fail to find any material error in the admission or rejection of evidence.

The bill states a good cause of action, demanding the relief prayed and decreed, and while there is a sharp and irreconcilable conflict in the evidence bearing upon the controlling issues of fact involved, we find no proper warrant for disturbing the findings of the chancellor who heard and determined the cause in the trial court.

As above stated, we are of opinion that the bill sets up

a good cause of action, and we are also of opinion that all the material allegations of the bill are fully sustained by the evidence.

The decree of the Circuit Court is affirmed.

*Affirmed.*